UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOSTON, MA                                                                                   CIVIL ACTION NO.

| | |
|---|---|
| Veronica Dyer, as she is Administrator of, and on behalf, of the Iron Workers District Council of New England Pension Health and Welfare, Annuity, Vacation, Education Funds, and other Funds, ("Ms. Dyer" or "Plaintiff") Plaintiff, | ) ) ) ) ) ) ) |
| v. | ) ) |
| Caruso Steel Reinforcing LLC, ("Caruso Steel") and Matthew Caruso ("Mr. Caruso") Defendants. | ) ) ) ) ) ) |
| REACH and APPLY ACTIONS (Count IV) | ) ) |
| Veronica Dyer, as Administrator v. Reach & Apply Defendants Brait Builders Corporation and Consigli Construction Co., Inc. | ) ) ) ) ) ) |

**VERIFIED COMPLAINT**
**INTRODUCTION & REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY &
PERMANENT INJUNCTIVE RELIEF**

1. Plaintiff, employee benefits funds Administrator Veronica Dyer ("Plaintiff"), sues in accord with §§502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and (d)(l) and 1145 and §301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. §185, to collect fringe benefit contributions and interest that Defendant Caruso Steel owes pursuant to the terms of collective bargaining agreements ("CBA" or "CBAs") attached at Exhibit A (CBA). Plaintiff also seeks a temporary restraining order and a preliminary injunction to enjoin the Reach & Apply

1

Defendants Brait Builders Corporation and Consigli Construction Co., Inc. from issuing any payments each owes to Defendant Caruso.

### JURISDICTION & VENUE

2. This Court has exclusive jurisdiction pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

3. Venue lies as to Caruso Steel as the CBA recites at ¶11: "The Parties consent and submit to the jurisdiction of the federal or state courts located in the Commonwealth of Massachusetts and expressly agree to Massachusetts as the exclusive forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder and expressly waive any objection to venue and personal jurisdiction in such courts."

4. Venue lies to Mr. Caruso, as he is domiciled or resides in, upon information and belief, Massachusetts.

5. Venues lies as to both Reach and Apply Defendants as they both regularly perform business in Massachusetts and have principal places of businesses in Massachusetts.

### PARTIES

6. Plaintiff Ms. Dyer administers the Benefits Funds from the Funds' business office located at 161 Granite Avenue, Dorchester, MA 02124.

7. Defendant Caruso Steel is a Massachusetts limited liability company with its principal place of business at 100 E Central Street, Apt. 10, Franklin, MA 02038. Caruso recites as its registered agent, Matthew R. Caruso, 100 E Central Street, Apt. 10, Franklin, MA 02028.

8. Defendant Mr. Caruso, upon information and belief, resides at 100 E Central Street, Apt. 10, Franklin, MA 02028.

9. Reach & Apply Defendant Brait Builders Corporation ("Brait") is a Massachusetts Corporation with its principal place of business at 57 Rockwood Road, Suite 3, Marshfield,

MA 02050. Brait recites as its registered agent, Robert Brait, 57 Rockwood Road, Suite 3, Marshfield, MA 02050. and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10. Reach & Apply Defendant Consigli Construction Co., Inc. ("Consigli") is a Massachusetts Corporation with its principal place of business at 72 Sumner Street, Milford, MA 01757. Consigli recites as its registered agent, Anthony M. Consigli, 72 Sumner Street, Milford, MA 01757 and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

**FACTS**

11. Ms. Dyer administers the Benefits Funds, which are jointly trusteed, multi-employer plans within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).

12. Caruso Steel is an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the National Labor Relations Act ("NLRA"), at §152(2).

13. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

14. The CBA is a true and genuine copy of an original signed by Caruso Steel and Mr. Caruso. Exhibit A (CBA).

15. The CBA includes obligations to make contributions into the Benefits Funds, among other wage and fund payments, for each hour worked by any Caruso Steel employee where the CBA articulates the labor the employee performs as covered work ("Covered Work").

16. During all times material to the matters contained herein, Caruso Steel and its CBA-covered employees primarily engaged in the installation of reinforcing rods ("Rebar"), which is Covered Work.

17. Such employees performed Covered Work, upon information and belief, on at least the following construction projects ("Projects") and Caruso Steel owes at least $231,310.44, the amounts recited below:

    a. Enbridge, 413 Dow Highway, Eliot, Maine, $781.80 through January 1, 2021 ("Enbridge");
    b. 420 Small Hardy Road, Westbrook, Maine, $70,276.00 through May 14, 2021 ("Westbrook");
    c. Portland Shipyard, 141 Fore Street, Portland, Maine, $18,705.08 through February 26, 2021 ("Shipyard");
    d. Hamden Bridge, I-95, Hamden, Maine, $74,079.82 through May 15, 2021 ("Hampden");
    e. York Judicial Center, 511 Elm Street, Biddeford, Maine, $61,487.24 through May 21, 2021 ("York Judicial"); and
    f. Portland Housing, 75 Chestnut Street, Portland, Maine $5,980.50 through May 22, 2021 ("Portland Condos").

18. The CBA recites the amount to be contributed by Caruso Steel to Ms. Dyer for each hour an employee performs Covered Worked. The CBA, and its incorporated documents, also provides that Caruso Steel must pay interest on delinquent benefit contributions at the rate of 1.5% per month and costs of collection, including legal fees and liquidated damages. The CBA also requires employers to remit a portion of employees' wages, with the employees' authorization, for each hour worked, for example for union dues, vacation pay, and other amounts. Employer remittance reports and Benefit Funds contributions are due weekly on payday. Exhibit B (Delinquency Procedure Policy).

19. Caruso Steel failed and refused to pay contributions it admits on the Remittance Reports are owed to the Benefits Funds and past due.

20. Caruso Steel has failed and refused to submit Remittance Reports in a weekly manner for each of the Projects recited above. Exhibit C (Remittance Reports).

21. On each of the Projects, a Union steward also kept contemporaneous records that reflect hours and employees' dates and hours worked on each of the Projects. <u>Exhibit D</u> (Steward Reports).

22. Caruso Steel currently owes at least $231,310.44 ($231,310.44 due in contributions plus $3,288.77 in accrued interest under the CBA), accruing interest, penalties, and other damages for CBA covered work Caruso Steel's employees performed as of the weeks ending recited in paragraph 17 above.

23. Ms. Dyer has requested information that the CBA and ERISA entitle her to, that she needs for her to protect the assets and interests of the Benefit Funds and the Funds' beneficiaries. <u>Exhibit E</u> (Emails to Caruso and NLRB Charge).

24. Ms. Dyer has requested an audit and Caruso Steel has failed to agree to submit to an audit and provide records requested. <u>Exhibit F</u> (Funds' Audit Req.).

## COUNT I
(Ms. Dyer v. Caruso Steel, ERISA, Delinquent Contributions, Liquated Damages, & Interest)

25. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

26. Caruso Steel has failed to make required fringe benefit contributions and owes contributions of at least $231,310.44 and accrued interest, as of this filing, of $3,288.77.

27. The failure of Caruso Steel timely, i.e., weekly on payday of each pay period, to make payment of all contributions owed on behalf of all covered employees, along with interest owed, as required by the terms of trust instruments, violates §515 of ERISA, 29 U.S.C. §1145 and the CBA.

28. Absent an order from this Court, Caruso Steel will continue to refuse to pay what it owes Ms. Dyer for the Benefit Funds, and those funds and their plan participants will be irreparably damaged as Caruso Steel may lack resources from which Ms. Dyer might recover payment.

29. The Benefit Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus past-due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA and the CBA.

**COUNT II**
(Ms. Dyer v. Caruso Steel, Breach of Labor Contract, 29 U.S.C. §185, 3rd Party-Beneficiary)

30. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

31. Caruso Steel failed to pay proper and timely wages and benefits obligated by the CBA for Projects performed through dates known to Plaintiff and recited in paragraph 17 above.

32. The failure of Caruso Steel timely to pay proper wages and contributions and interest owed violates the terms of the CBA and said violations have caused grave damages and loss to the Benefit Funds.

33. This is an action by the Benefit Funds, by way of Ms. Dyer, as 3rd-Party beneficiary of the CBA, to recover losses and remedy harms.

34. The Benefits Funds, and Ms. Dyer, are third-party beneficiaries of the CBA.

35. Caruso Steel has breached its contract by failing to pay Plaintiff at least $231,310.44 currently due under the CBA, plus $3,288.77 in accrued interest, accruing interest, penalties, and other damages for CBA covered work Caruso Steel's employees performed.

36. Absent an order from this Court, Caruso Steel will continue to refuse and fail to pay the amounts it owes under the CBA, and the Benefit Funds and their participants will be irreparably harmed.

37. This is an action under 29 U.S.C. §185 to recover losses incurred by the Benefit Funds under a 3rd Party Beneficiary theory or other labor contract breach theory.

## COUNT III
(Dyer v. Mr. Caruso, Fraud, Intentional or Negligent Misrepresentation, Conversion, Money Had & Received, & Defalcation)

38. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

39. Mr. Caruso used, upon information and belief, wages and contributions owed, i.e., -Benefit Funds' assets, for purposes other than depositing into the Benefit Funds and other agreed to sources:

    a. E.g., Mr. Caruso used, upon information and belief, benefit fund assets for his own and Caruso's use;

    b. Specifically, Mr. Caruso deducted from employee wages taxes, union dues, and political action contributions, but refused to forward or pay such amounts to the proper entity entitled to such amounts.

    c. Accordingly, Mr. Caruso held such amounts in trust, and Mr. Caruso had a fiduciary duty to properly forward such amounts without delay.

    d. Regarding such money held in trust, Mr. Caruso was and is fiduciary. Where such amounts were used in violation of ERISA and CBA, Mr. Caruso breached his fiduciary duties.

    e. Mr. Caruso converted trust assets for his own use and his firm's use, breached his fiduciary duties, and engaged in defalcation by such use and failure to forward such withheld amounts from their proper destination.

40. By such and other acts of Mr. Caruso, such unpaid contributions, conversions, or money had and received should be returned to the proper entity.

41. Mr. Caruso converted such money to his own use, wrongfully.

42. Mr. Caruso also converted other money deducted from employees' weekly pay for Defendants' own and wrongful use.

43. By such and other acts, Caruso Steel and Mr. Caruso intentionally misrepresented to Plaintiff that such amounts would be forwarded properly.

44. Ms. Dyer reasonably relied on such repeated misrepresentation to the Benefit Funds' detriment.

45. Specifically, Mr. Caruso intentionally or negligently misrepresented to Union officials and others, e.g., construction awarding authorities, amounts unpaid and due in ERISA contributions to lure the Union into signing a release for a specific project, i.e., the "Shipyard".

46. And specifically, Mr. Caruso filed, upon information and belief, statutory payroll records (commonly called prevailing wage certified payroll records ("CPRs")) with awarding authorities in Maine reciting that Caruso paid, where it did not, amounts mandated by Maine's prevailing wage law, i.e., Maine Revised Statutes Title 26, chapter 15, §1311 (Wage and benefit record of contractor). Caruso knew such CPRs recitals were false. <u>Exhibit G</u> (CPRs).

47. Employees and the Benefit Funds have a right to rely, and did rely, on such CPRs filings being truthful. The law requires truthful utterances of wage and benefits payments to ensure that the awarding authority could act timely to protect Caruso Steel's employees from wage law violations.

48. The Benefits Funds, and employee participants who performed the labor, suffered damages and harm directly from Caruso Steel's misrepresentation on CPRs. For example, had Mr. Caruso not lied on such CPRs, the awarding authority and the project's general contractor would not have paid Caruso Steel money for labor performed by Benefit Funds' beneficiaries and Mr. Caruso would have been forced to abide by the law and pay contributions with money such entities paid to Caruso Steel, including, e.g., by way of joint checks payable to

Plaintiff. The Benefit Funds would have likely recovered contributions without having to expend yet more in legal fees to secure lien or bond rights had Mr. Caruso not lied on CPRs.

49. Further specific facts, Mr. Caruso uttered false statements on Remittance Reports he sent to Ms. Dyer as to the amounts of hours employees performed Covered Work on specific projects.

50. Caruso submitted months of Remittance Reports under one Project, the York Judiciary Center and a claim was made on the General Contractor's Bond. It was determined and withdrawn as these Remittance Reports did not account for delinquent contributions solely at the York Judiciary Center but on other Projects as well, i.e., Westbrook, Hamden, and the Portland Shipyard. Caruso actions here, placed Plaintiff in a compromising position. Mr. Caruso, by such acts attempted to cause Plaintiff to commit insurance fraud against a Payment Bond issued by an Insurance Company and its principal (e.g., Reach & Apply Defendant Consigli Construction).

51. A further consequence of this action was that the lien rights extinguished as to the Portland Shipyard Project causing a loss of over $18,000.

52. Because of such and other acts, this is an action in Fraud, Intentional or Negligent Misrepresentation, Conversion, Money Had & Received, & Defalcation to recover damages suffered.

### COUNT IV - REACH & APPLY ACTION
(Ms. Dyer v. Reach & Apply Defendants Brait and Consigli)

53. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

54. Reach & Apply Defendant Brait owes, upon information and belief, Defendant Caruso Steel money for work Caruso Steel performed on one or more construction sites. Exhibit H (Affd. Michael Hess)

55. Reach & Apply Defendant Consigli owes, upon information and belief, Defendant Caruso Steel money for work Caruso Steel performed for Consigli on one or more construction sites. Exhibit I (Email Consigli's "Cadrin" to Dyer).

56. If Brait issues payment to Caruso Steel, Caruso Steel will not pay any amounts to the Plaintiff, and the Benefit Funds and their participants and beneficiaries will be irreparably harmed.

57. If Consigli issues payment to Caruso Steel, Caruso Steel will not pay any amounts to the Plaintiff, and the Benefit Funds and their participants and beneficiaries will be irreparably harmed.

58. This is action to reach the money that both Brait and Consigli owes to Caruso and apply it to the amounts Caruso owes to the Benefit Funds as stated above.

**Count V**
(Injunctive Relief, ERISA §1132)

59. Plaintiff restates all the facts and allegations set forth in each of the Paragraphs above and by this reference incorporates them herein.

60. Caruso Steel will continue such and other serious and substantial violations of the CBAs and trust instruments including gross acts of diverting money from employee plan contributions, absent injunction relief.

61. ERISA specifically recites that this Court may issue an injunction to protect fund assets and in accord enjoin Caruso Steel from substantially similar ERISA violations of bidding to perform Covered Work while knowing Caruso Steel will not pay in accord with the CBA.

62. This a request for equitable relief, specifically, a court order enjoining Caruso and Mr. Caruso from seeking to engage in Covered Worked, absent reasonable assurances that Caruso can abide by its ERISA obligations articulated in the CBA regarding timely payment, weekly, of ERISA contributions.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

a. Enter a temporary restraining order and preliminary and permanent injunctions enjoining the Reach-and-Apply Defendants from paying any money they owe to Defendant Caruso Steel, or to any person, vendor or company on behalf or on account of Caruso Steel, pending further order of this Court, unless the amount is paid to Plaintiff Ms. Dyer;

b. Enter a preliminary and permanent injunction enjoining Mr. Caruso and Caruso Steel from performing Covered Work while refusing or failing to abide by the CBA;

c. Enter a temporary restraining order, preliminary and permanent injunctions enjoining Defendant Caruso Steel from refusing or failing to make payment of contributions, interest, fees and damages owed to the Benefit Funds and from refusing or failing to provide remittance reports for work performed;

d. Order Defendant Caruso to make immediately available to Plaintiff all of their payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations performed during the past two year period until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions paid for that period, and a complete list of all past and current projects and accounts receivable due from each such project, and identify the entity that owes Caruso Steel any receivable or other money;

e. Order the attachment of assets, including the machinery, inventory, bank accounts, and accounts receivable belonging to Caruso; and

f. Enter judgment in favor of the Plaintiff on each Count against Caruso Steel and Mr. Caruso for all contributions owed through the present, together with any additional amounts determined by the Court to be owed to the Benefit Funds or which may become

11

due during the pendency of this action, plus interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2) and the CBA; and

g. Such further and other relief as this Court may deem appropriate.

        Plaintiff, Veronica Dyer, Benefit Funds Administrator,
        By her and the Benefit Funds' attorney,

/s/ Mickey Long
Mickey Long BBO# 634388
P.O. Box E-1
193 Old Colony Avenue
Boston, MA 02127
TEL: (617) 269-0229
FAX: 617.765.4300
mickeylong@outlook.com

June 15, 2021

## VERIFICATION

I, Veronica Dyer, Fund Administrator for the Iron Workers District Council of New Employee Benefit Funds, including England Health and Welfare Fund, Ironworkers District Council of New England Pension Fund, Ironworkers Dist1ict Council of New England Annuity Fund verify that I have read the above Verified Complaint. and the facts set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __15th__ DAY OF JUNE 2021.

_Veronica Dyer_
Veronica Dyer, Administrator.

12